# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, as Power of Attorney for JANE DOE, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) |
| ANTHEM HEALTH PLANS, INC. d/b/a ANTHEM BLUE CROSS BLUE SHIELD, | ) ) ) |
| *Defendant*. | ) ) ) ) ) |

Case No.: 3:24-cv-01431-JAM

December 6, 2024

**UNOPPOSED MOTION TO PROCEED PSEUDONYMOUSLY**

Plaintiff John Doe, as Power of Attorney for Jane Doe, hereby moves for leave from this Court to proceed pseudonymously.

## INTRODUCTION

Jane Doe suffers from severe and life-threatening anorexia nervosa. This case concerns whether her air-ambulance transportation to ACUTE Center for Eating Disorders in Denver, Colorado is a covered benefit under the terms of her health plan.

Because this lawsuit involves a matter of a highly sensitive and personal nature, because disclosure of Jane Doe's identity may result in a relapse of her condition, and because Defendant does not oppose this motion, we respectfully request that this Court grant Plaintiff John Doe, as Power of Attorney for Jane Doe, leave to proceed pseudonymously and direct all parties to refer to John Doe and Jane Doe by these fictitious names in all filings.

## BACKGROUND

John Doe is Jane Doe's father. He also serves as Jane Doe's power of attorney with respect to her air-ambulance benefits claim.

Litigating whether Jane Doe's ambulance transportation was a covered benefit will require a close examination of her medical records, which reflect a diagnosis of severe and life-threatening anorexia; her attempts (as a result of her eating disorder) to mislead her doctors and interfere with the treatment that they prescribed; her doctors' belief that she required constant monitoring and was a flight risk; and the like.

Defendant is aware of John Doe's and Jane Doe's identities.

Counsel for Plaintiff conferred with counsel for Defendant, who advised that they do not oppose this motion.

## LEGAL STANDARD

The Second Circuit permits parties to proceed pseudonymously when the plaintiff's interest in anonymity outweighs the public's interest in disclosure and any prejudice to the defendant. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d Cir. 2008). To

balance these interests, courts consider (among other things) "whether the litigation involves matters that are 'highly sensitive and [of a] personal nature,'" whether identification is likely to harm the plaintiff and the likely severity of that harm, "whether the defendant is prejudiced" by allowing the plaintiff to proceed pseudonymously, and whether the public's interest in knowing the litigant's identity is "'atypically weak'" because of the "'purely legal nature of issues presented[.]'" *Id.* at 190 (citations omitted; alterations in original).

## ARGUMENT

The relevant factors weigh in favor of allowing John Doe and Jane Doe to proceed pseudonymously.

This action involves Jane Doe's decades-long struggle with anorexia nervosa—a "lethal psychiatric condition[ ]" with a significant social stigma attached. *See Hering v. New Directions Behavioral Health, LLC*, No. 19-CV-1727, 2020 U.S. Dist. LEXIS 95418, at *2 (M.D. Fla. June 1, 2020). Litigating this case will involve a close examination of her medical records, which document (in all cases, because of her disease) treatment-resistant behavior, compromised insight and judgment, a history of eloping during planned transfers to medical facilities, and the like. Because these medical records are highly sensitive and of a personal nature, Jane Doe should be permitted to proceed pseudonymously. Similarly, disclosing Jane Doe's identity could interfere with her recovery (thus jeopardizing her health and potentially threatening her life), which weighs in favor of granting this motion absent significant prejudice to the defendant. *See Lauren B. v. Baxter Int'l & Subsidiaries Welfare Benefit Plan for Active Emples.*, 298 F.R.D. 571, 573 (N.D. Ill. 2014) (finding disclosing identity of patient with eating disorder would "create death risks and a threat to her recovery").

There is no significant prejudice to Defendant here. As referenced above, Defendant does not oppose this Motion. Defendant is aware of John Doe's and Jane Doe's identities, and thus is free to raise any related argument or, to the limited extent it might be permitted

3

in this ERISA action, conduct discovery. And because this is an ERISA action, the Court's decision will likely be limited to a review of the administrative record. John Doe's and Jane Doe's identities therefore have little bearing on the case.

The law does not require Jane Doe to choose between making her private, sensitive medical information public (thus risking both relapse and social stigmatization) or litigating whether the medical services she received are covered under her health plan. *See, e.g., Doe v. Doe,* No. 20-CV-5329, 2020 U.S. Dist. LEXIS 220656, at *4-5 (E.D.N.Y. Nov. 24, 2020) (allowing plaintiff to remain anonymous due to mental and emotional impact of exposing private medical information); *Doe v. Baram,* No. 20 Civ. 9522 (ER), 2021 U.S. Dist. LEXIS 147030, at *7-8 (S.D.N.Y. Aug. 5, 2021) (allowing plaintiff to remain anonymous based among other things on defendant's knowledge of her identity); *Doe v. Daedone*, No. 24-CV-4434, 2024 U.S. Dist. LEXIS 150750, at *9-10, 13 (E.D.N.Y. Aug. 22, 2024) (same).

## CONCLUSION

Plaintiff John Doe, as Power of Attorney for Jane Doe, respectfully requests that this Court permit him to proceed pseudonymously and direct all parties to refer to John Doe and Jane Doe by these fictitious names in all filings. Defendant does not oppose the requested relief. If this Motion is granted, Plaintiff will advise the Court of John Doe's and Jane Doe's identities through any method the Court may direct.

Respectfully submitted this 6th day of December, 2024.

By: /s/ *Benjamin C. Hughes*

Benjamin C. Hughes
(admitted *pro hac vice*)
Sperling & Slater, LLC
55 W. Monroe Street, Suite 3200
Chicago, IL 60603
T: (312) 641-3200

4

F: (312) 641-6492
bhughes@sperling-law.com

Rowena A. Moffett, Esq. (ct19811)
Grace M. Ronayne, Esq. (ct31350)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT 06511
Tel. (203) 772-2600
Fax. (203) 562-2098
Email: rmoffett@bswlaw.com
gronayne@bswlaw.com

*Attorneys for Plaintiff John Doe*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Respectfully submitted this 6th day of December, 2024.

                                      /s/ *Benjamin C. Hughes*
                                      Benjamin C. Hughes
                                      (*Admitted Pro Hac Vice*)